BRIAN E. CLAYPOOL, SBN 134674
THE CLAYPOOL LAW FIRM
1055 E. Colorado Blvd., 5th Floor
Pasadena, California 91106
becesq@aol.com
Telephone:   (626) 240-4616
Facsimile:   (626) 240-4617

LAW OFFICES OF DALE K. GALIPO
  Dale K. Galipo, Esq. (Bar No. 144074)
  dalekgalipo@yahoo.com
  John C. Fattahi, Esq. (Bar No. 247625)
  jfattahi@gmail.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| S.E.T., a minor by and through his guardian ad litem, LA CRESHA ATCHISON; and JOANNE ANDERSON,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF FRESNO; CHIEF JERRY DYER; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>**DEMAND FOR JURY TRIAL**<br><br>1. Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure and Due Process—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process—(42 U.S.C. § 1983)<br>4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983) |

## **COMPLAINT**

Plaintiffs S.E.T. and JOANNE ANDERSON, for their complaint against Defendants City of Fresno, Chief Jerry Dyer, and Does 1-10, inclusive, allege as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the fatal police shooting of the decedent, Sylvester LaRae Taylor IV.

## JURISDICTION AND VENUE

2. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Fresno, California.

## PARTIES

4. At all relevant times, decedent Sylvester LaRae Taylor IV ("Decedent") was a resident of County of Fresno, California.

5. Plaintiff S.E.T. is an individual residing in County of Fresno, California, and is the natural born minor son of Decedent. S.E.T. sues through his guardian ad litem, LA CRESHA ATCHISON. S.E.T. sues both in his individual capacity as the son of Decedent and in a representative capacity as a successor-in-interest to Decedent. S.E.T. seeks both survival and wrongful death damages.

6. Plaintiff JOANNE ANDERSON ("ANDERSON") is an individual residing in County of Fresno, California, and was at all relevant times the mother of Decedent. ANDERSON sues in her individual capacity and in a representative capacity as a successor-in-interest to Decedent. ANDERSON seeks both survival and wrongful death damages.

7. At all relevant times, Defendant CITY OF FRESNO ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  At all relevant times, CITY was the employer of Defendants CHIEF JERRY DYER ("DYER"), DOES 1 through 5 ("DOE OFFICERS"), who were CITY Police Officers, and DOES 6 through 10 ("DOE SUPERVISORS"), who were managerial, supervisorial, and policymaking employees of the CITY Police Department.  At all relevant times, DYER, DOE OFFICERS, and DOE SUPERVISORS were residents of County of Fresno, California.  DOE OFFICERS are sued in their individual capacity for damages only.

8. At all relevant times, Defendants DYER, DOE OFFICERS, and DOE SUPERVISORS were duly authorized employees and agents of the CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant CITY.

9. At all relevant times, Defendants DYER, DOE OFFICERS and DOE SUPERVISORS were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

10. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

11. The true defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

12. In doing the acts and failing and omitting to act as hereinafter described, Defendants DYER, DOE OFFICERS, and DOE SUPERVISORS were acting on the implied and actual permission and consent of CITY.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 12 of this Complaint with the same force and effect as if fully set forth herein.

14. On or about January 26, 2008, Decedent exited a store near the intersection of Clovis Avenue and Griffith Way in unincorporated Fresno, California. On information and belief, DOES 1 and 2, who were on duty as CITY Police Officers, detained and arrested Decedent on account of his Black race as he exited the store. The detention and arrest was for no reason and without probable cause or reasonable suspicion.

15. DOES 1 and 2 pointed their large caliber handguns at Decedent, and fired several shots at Decedent, striking Decedent and causing him to experience severe pain and suffering, emotional distress, and mental anguish.

16. After some period of time, DOES 1 and 2 fired several more shots at Decedent from behind, striking Decedent and causing him to experience severe pain and suffering, emotional distress, and mental anguish, and eventually causing his death.

17. On information and belief, at the time of the shootings, a reasonable officer in the position of DOES 1 and 2 would not believe that Decedent was resisting arrest, posed an imminent threat of death or serious physical injury to anyone if he was not immediately apprehended, or had committed a felony. Further, there were several alternative means of responding to the situation without using deadly force.

18. On information and belief, DOE OFFICERS, although having actual knowledge of Decedent's serious medical condition, disregarded his medical needs. As a direct result of DOE OFFICERS' failure to timely summon medical aid for Decedent, Decedent died.

19. As a result of the aforementioned conduct of DOE OFFICERS, Plaintiffs were deprived of the life-long love, comfort, support, companionship, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs also incurred funeral and burial expenses and a loss of financial support.

## **FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**

(Against Defendants DOES 1 and 2)

20. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21. Defendants DOES 1 and 2 detained and arrested Decedent in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

22. As a result of the conduct of DOES 1 and 2, they are liable for Decedent's and Plaintiffs' injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

23. The conduct of DOES 1 and 2 was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1 and 2.

24.     Plaintiffs seek survival damages under this claim.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure and Due Process—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983)**

(Against Defendants DOE OFFICERS)

25.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26.     The unjustified shootings of Decedent by DOES 1 and 2 deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to the Decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27.     Defendants DOE OFFICERS knew that failure to treat Decedent's medical condition could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

28.     Defendants' actions thus deprived Decedent of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment, and his right to due process as guaranteed to the Decedent under the Fourteenth Amendment to the United States Constitution.

29.     As a result of the conduct of DOE OFFICERS, they are liable for Decedent's and Plaintiffs' injuries, either because they were integral participants in the use of excessive force and failure to summon medical aid, or because they failed to intervene to prevent these violations.

30.     As a result, Decedent suffered extreme pain and suffering, emotional distress, and mental anguish, and eventually lost his life.  Plaintiffs have also been

deprived of the life-long love, comfort, support, companionship, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

31. The conduct of DOE OFFICERS was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

32. Plaintiffs seek both wrongful death and survival damages under this claim.

## THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(Against Defendants DOE OFFICERS)

33. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with their husband and father, Decedent.

35. Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

36. As a result of the unjustified shooting by DOES 1 and 2 and the denial of medical care by DOE OFFICERS, Decedent died. Plaintiffs were thereby

deprived of their constitutional right and familial relationship with their father and son, and Decedent was thereby deprived of his constitutional right to life.

37. Defendants DOE OFFICERS, acting under color of state law, thus violated the Fourteenth and Amendment right of Plaintiffs to be free from unwarranted interference with their familial relationship with their father and son, Decedent, and violated Decedent's Fourteenth Amendment right to be free from state actions that deprive him of his right to life in such a manner as to shock the conscience.

38. The aforementioned actions of DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

39. As a direct and proximate cause of the acts of DOE OFFICERS, Decedent experienced severe pain and suffering, emotional distress, and mental anguish, and eventually lost his life.  Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body.  Plaintiffs have also been deprived of the life-long love, comfort, support, companionship, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

40. The conduct of DOE OFFICERS was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

41. Plaintiffs seek both wrongful death and survival damages under this claim.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY, DYER, and DOE SUPERVISORS)

42. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43. On and for some time prior to January 26, 2008 (and continuing to the present date) Defendants CITY, DYER, and DOE SUPERVISORS, deprived Plaintiffs, and deprived Decedent, of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY custom, policy, and practice of:

    (a) Employing and retaining as police officers and other personnel, including DOE OFFICERS, who Defendants CITY, DYER, and DOE SUPERVISORS at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

    (b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other CITY personnel, including DOE OFFICERS, who Defendants CITY, DYER, and DOE SUPERVISORS each knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

   (c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOE OFFICERS, who are CITY Police Officers;

   (d) By having and maintaining an unconstitutional custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, using excessive force, including deadly force, failing to obtain medical care, and depriving persons of life, liberty, and property so as to shock the conscience. The customs and practices of CITY, DYER, and DOE SUPERVISORS were done with a deliberate indifference to individuals' safety and rights.

44. By reason of the aforementioned policies and practices of Defendants CITY, DYER, and DOE SUPERVISORS, Decedent was severely injured and subjected to pain and suffering, emotional distress, and mental anguish, and eventually lost his life.

45. Defendants CITY, DYER, and DOE SUPERVISORS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

46. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, DYER, and DOE SUPERVISORS acted with an intentional, reckless, and callous disregard for the life of Decedent and his Decedent's and Plaintiffs' constitutional as well as human

rights. Defendants CITY, DYER, and DOE SUPERVISORS and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

47. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY, DYER, and DOE SUPERVISORS were affirmatively linked to and were a significantly influential force behind the injuries of Decedent and Plaintiffs.

48. By reason of the aforementioned acts and omissions of Defendants CITY, DYER, and DOE SUPERVISORS, Plaintiffs were caused to incur funeral and related burial expenses, and loss of financial support.

49. By reason of the aforementioned acts and omissions of Defendants CITY, DYER, and DOE SUPERVISORS, Plaintiffs have suffered loss of love, affection, and future support.

50. Accordingly, Defendants CITY, DYER, and DOE SUPERVISORS each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

51. Plaintiffs seek both wrongful death and survival damages under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants City of Fresno, Chief Jerry Dyer, and Does 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B. For funeral and burial expenses, and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E.  For reasonable costs of this suit and attorneys' fees; and

F.  For such further other relief as the Court may deem just, proper, and appropriate.

DATED: October 28, 2009          LAW OFFICES OF DALE K. GALIPO

By_____
Dale K. Galipo
Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED: October 28, 2009          LAW OFFICES OF DALE K. GALIPO

By_____
Dale K. Galipo
Attorneys for Plaintiffs